KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
RICHARD SMALL, ESQ.
Nevada Bar No. 7183
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 - Fax
rand@horwitzlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHAFIQUE AHMED, and MAYRA MUNOZ on behalf of themselves and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC., d/b/a ACCTCORP OF SOUTHERN NEVADA, A NEVADA CORPORATION, and JOHN DOES 1-10 . | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

Defendants.

## CLASS ACTION COMPLAINT

Plaintiffs, SHAFIQUE AHMED and MAYRA MUNOZ, (hereinafter referred to as "PLAINTIFFS"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, and bring this complaint against Defendants, RICHLAND HOLDINGS, INC., d/b/a ACCTCORP OF SOUTHERN NEVADA, A NEVADA CORPORATION, and its employees and associates JOHN DOES 1-10, jointly referred to as "DEFENDANTS" and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for statutory damages arising from Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this Court because all of the acts complained of herein occurred in Clark County, Nevada.

## **PARTIES**

4. Plaintiff SHAFIQUE AHMED is a natural person residing in Las Vegas, Nevada.

5. Plaintiff MAYRA MUNOZ is a natural person residing in Las Vegas, Nevada.

6. Plaintiffs are each a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

7. Plaintiffs allegedly owe a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

8. Defendant, RICHLAND HOLDINGS, INC, d/b/a ACCTCORP OF SOUTHERN NEVADA, A NEVADA CORPORATION is a Las Vegas, NV corporation, which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another and is, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendants JOHN DOES 1-10 are employees and/or associates of Counter- Defendant, RICHLAND HOLDINGS, INC, d/b/a ACCTCORP OF SOUTHERN NEVADA, A NEVADA CORPORATION and regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another and are, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Plaintiffs do not presently know the names of Richland's employees and/or associates. Plaintiffs will move to substitute JOHN DOES 1-10 with those identities, upon receipt.

## STATEMENT OF FACTS

11. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 10 inclusive, above.

12. Upon information and belief, RC Willey and the Defendants have a collection agreement wherein the Defendants agree to pursue collection of RC Willey debt in exchange for the addition of a collection fee of 50% of the outstanding debt.

13. Plaintiffs each incurred a debt to RC Willey, for the purchase of home furnishings (hereinafter, the "Debt").

14. On or before December 28, 2018, the creditor, RC Willey, transferred Mr. Ahmed's consumer loan obligation, *i.e.* – the Debt, totaling $2,820.78, to Defendants for collection.

15. Pursuant to its agreement with the Defendants, RC Willey added a 50% collection agency charge of $1,410.39 to Mr. Ahmed's Debt, to account for the Defendants' fees.

16. The contract between RC Willey and Mr. Ahmed does not contain a provision for the addition of a collection fee at a flat rate of 50%.

17. In addition to the 50% collection fee, Defendants sought to collect from Plaintiffs and the class, filing fees, service fees, court costs and/or attorneys' fees incurred by the Defendants

18. Upon information and belief, Defendants' sole business activity is the collection of debt from individuals.

19. On February 1, 2019, Defendants filed a collection lawsuit against Mr. Ahmed, in Las Vegas Justice Court entitled *Richland Holdings Inc., d/b/a Acctcorp of Southern Nevada vs. Shafique Ahmed*, Case No. 19C003650. Defendants sought to collect the "account balance of $2,820.78," "**A CONTRACTUAL COLLECTION FEE** of **$1,4109.39**," "**CONTRACTUAL INTEREST** at the **CONTRACTUAL RATE** of **24%**" and "all reasonable Attorney's Fees and Costs of suit incurred herein." (caps and bold in original). A copy is attached hereto as Exhibit 1.

20. On or before March 14, 2019, the creditor, RC Willey, transferred Ms. Munoz' consumer loan obligation, *i.e.* – the Debt, totaling $1,019.15, to Defendants for collection.

21. Pursuant to its agreement with the Defendants, RC Willey added a 50% collection agency charge of $509.58 to Ms. Munoz' Debt, to account for the Defendants' collection fee.

22. The contract between RC Willey and Ms. Munoz does not contain a provision for the addition of a collection fee at a flat rate of 50%.

23. On April 1, 2019, Defendants filed a collection lawsuit against Ms. Munoz, in Las Vegas Justice Court entitled *Richland Holdings Inc., d/b/a Acctcorp of Southern Nevada vs. Mayra A Munoz*, Case No. 19C009523. Defendants sought to collect the "account balance of $1,019.15," "**A CONTRACTUAL COLLECTION FEE** of **$509.58**," "**CONTRACTUAL INTEREST** at the **CONTRACTUAL RATE** of **24%**" and "all reasonable Attorney's Fees and Costs of suit incurred herein." (caps and bold in original). A copy is attached hereto as Exhibit 2.

24. Defendants JOHN DOES 1-10 created, approved, directed, and supervised the collection of a 50% collection placement fee in the collection lawsuits filed against Plaintiff and the class members.

### DEFENDANTS' ROUTINE PRACTICES

25. It is and was the routine policy and practice of Defendants to attempt to collect a flat rate 50% collection fee in their collection lawsuits in addition to attorneys' fees and costs.

### CLASS ACTION ALLEGATIONS

26. Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 25 inclusive, above.

27. This action is brought on behalf of a class of similarly situated persons defined as (i) all Nevada residents from whom the Defendants sought "a contractual collection fee" on an account with RC Willey (ii) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants' or the creditors' records (iii) during the one year prior to the filing of this lawsuit.

28. Defendants file hundreds if not thousands of lawsuits a year. A review of the Las Vegas Justice Court's online records system shows they have filed over 200 lawsuits in the last 6 months alone. Thus, the class is so numerous that joinder of all members is impractical. The exact number and identities of the class members are unknown at this time but can be ascertained through appropriate discovery and are believed to exceed 100. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal legal question is whether the Defendants' attempt to collect a 50% collection fee violates 15 U.S.C. §§ 1692e, e(10), and f(1).

29. Plaintiffs' claims and those of the class are based on the same facts and legal theories.

30. Plaintiffs will fairly and adequately represent the interests of the class members.

31. Plaintiffs have retained counsel experienced in class actions and debt collection abuse cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible. Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to the individual members of the class which would establish incompatible standards of conduct by the parties opposing the class, and adjudication with respect to individual members of the class would be dispositive of the interest of other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests. Individual litigation of these claims would increase the delay and expense to all parties and the court system in resolving the legal and factual issues raised in this Complaint. By contrast, a class action presents efficiencies of management and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court. The interest of judicial economy merit adjudication of these claims as a class action.

33. Based on the foregoing, certification of the Class under Federal Rule of Civil Procedure 23 is appropriate.

///

## CLAIM FOR RELIEF
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e, e(2)(A), e(10), AND f(1) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS

34. Plaintiffs repeat, re-allege, and incorporate by reference foregoing paragraphs .

35. A debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

36. A debt collector may not misrepresent "the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).

37. Further, a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

38. Finally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," such as the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

39. Here, Defendants misrepresent that they are entitled to collect an additional 50% collection fee not expressly authorized by the agreement creating the debt or permitted by law.

40. RC Willey entered into the same contract with both Plaintiffs.

41. The RC Willey agreement states in pertinent part:

> In the event you are required to instigate legal action or to take other means to collect amounts I owe you, I agree to pay all your costs of collection, including, but not limited to, a collection agency fee assessed by a collection agency and/or reasonable attorney fees, with or without suit, together with all unpaid interest and court costs.

42. The above provision only provides for the reimbursement of the *actual* cost of collection, not a flat rate of 50%. *See Bradley vs. Franklin Collection Serv.*, 739 F. 3d 606, 610 (11th Cir. 2014) (interpreting a similar provision containing a 33 and 1/3% fee and holding it violates the FDCPA "since, contractually, Bradley was only obligated to pay the 'costs of collection'" and "there was no express agreement between Urology and Bradley allowing for collection of the 33-and-1/3% fee."); *see also Kojetin vs. CU Recovery, Inc.* 212 F. 3d 1318 (8th Cir. 2000) (holding the debt collector's collection letter violated the FDCPA "by adding the collection fee based on a percentage rather than on actual costs when Kojetin's agreement with the credit union provided she was liable only for actual costs.").

43. The 50% collection fee, assessed before Defendants ever began collections, does not bear any correlation to the actual cost of collections and therefore violates the FDCPA as a matter of law. *See Bradley* 739 F. 3d at 609 (interpreting a similar contractual provision to only permit collection of actual costs;

that "Bradley agreed to pay the actual costs of collection; his contractual agreement with Urology did not require him to pay a collection agency's percentage-based fee where that fee did not correlate to the costs of collection.").

44. Defendants' attempt to collect a flat rate collection fee of 50% on top of their actual costs of attorneys' fees and costs is misleading and seeks collection of a fee not expressly authorized by the agreement creating the debt or permitted by law.

45. It was necessary for Plaintiffs to obtain the services of an attorney to resolve Defendants' attempt to collect the unauthorized collection.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief in favor of himself and on behalf of the class, and that judgment be entered against Defendants for the following:

(1) Certify this matter to proceed as a class action pursuant to Rule 23;

(2) Award statutory damages to each Plaintiff not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) Award statutory damages to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of Defendants;

(4) Award reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) Award reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

This document does not contain personal information.

Dated this 31st day of October 2019.

By:*/s/ Keren E. Gesund*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
RICHARD SMALL, ESQ.
Nevada Bar. No. 7183
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Telephone: (702) 300-1180
Facsimile: (504) 265-9492
Email: keren@gp-nola.com

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
1 (312) 372-8822
1 (312) 372-1673 - Fax
rand@horwitzlaw.com

Attorneys for Plaintiffs