# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAFIQUE AHMED, ET AL., | Case No. 2:19-cv-01925-JCM-DJA |
| Plaintiffs, | |
| v. | **ORDER** |
| RICHLAND HOLDINGS, INC. DBA ACCTCORP OF SOUTHERN NEVADA, | |
| Defendant. | |

Presently before the Court is Defendant Richland Holdings, Inc.'s Motion to Stay Discovery (ECF No. 11), filed on January 8, 2020. Plaintiff filed a Response (ECF No. 15) on January 22, 2020 and Defendant filed a Reply (ECF No. 18) on January 29, 2020. This matter is also before the Court on the parties' Stipulated Discovery Plan and Scheduling Order (ECF No. 17) filed on January 23, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at \*2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at \*1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,*

288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

After taking a preliminary peek at the pending Motion to Dismiss (ECF No. 6), the Court finds that Defendant has carried its heavy burden of establishing that discovery should be stayed. The issues before the Court in the pending Motion to Dismiss do not require further discovery as the Motion has been fully briefed and if granted is potentially dispositive of the entire case. Additionally, discovery is expensive and to the extent that this case may be resolved prior to discovery, especially on a class-wide basis, serves judicial economy. Finally, having taken a preliminary peek at the Motion to Dismiss, the Court is not convinced that Plaintiff's complaint as currently plead will survive dismissal, but notes, of course, that its view may be very different

than how the assigned district judge will see the motion at issue.  As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.

IT IS THEREFORE ORDERED that Defendant Richland Holdings, Inc.'s Motion to Stay Discovery (ECF No. 11) is **granted**.

IT IS FURTHER ORDERED that in the event the Motion to Dismiss (ECF No. 6) is not granted, the parties shall file a stipulated proposed discovery plan and scheduling order no later than seven days after a decision has been issued by the court.

IT IS FURTHER ORDERED that the parties' Stipulated Discovery Plan and Scheduling Order (ECF No. 17) is **denied without prejudice**.

DATED: January 30, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE