UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAFIQUE AHMED, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> RICHLAND HOLDINGS, INC., <br><br> Defendant(s). | Case No. 2:19-CV-1925 JCM (DJA) <br><br> ORDER |

Presently before the court is the matter of *Ahmed et al v. Richland Holdings, Inc.*, case number 2:19-cv-01925-JCM-DJA.

On February 5, 2020, petitioner O. Randolph Bragg filed a petition for permission to practice pro hac vice. (ECF No. 20). But Bragg did not provide any certificates of good standing from the states in which he has been admitted to practice law. *See id.*

Local Rule IA 11-2(b)(3) provides that petitions for permission to practice pro hac vice must include "an attached certification that the applicant's membership is in good standing from the state bar or from the clerk of the supreme court or highest admitting court of every state, territory, or insular possession of the United States in which the applicant has been admitted to practice law." LR IA 11-2(b)(3).

The court entered a minute order deferring consideration of the petition and instructing Bragg to comply LR IA 11-2(b)(3) by providing a current certificate of good standing from each state in which he has been admitted to practice law. (ECF No. 21).

To date, no amended or corrected petition has been filed. Bragg has not otherwise provided the court with certificates of good standing. Therefore, the court will deny Bragg's

**James C. Mahan**
**U.S. District Judge**

verified petition (ECF No. 20). *See* LR IA 11-2(h) ("The court may grant or deny a petition to practice under this rule.").

Bragg shall file, within ten (10) days of the entry of this order, a verified petition that fully complies with the applicable local rules. Failure to timely comply will result in "the striking of any and all documents previously filed by the attorney." LR IA 11-2(j).

Accordingly,

IT IS SO ORDERED.

DATED February 20, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**