UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAFIQUE AHMED and MAYRA MUNOZ, | Case No. 2:19-CV-1925 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| RICHLAND HOLDINGS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Richland Holdings Inc., d/b/a AcctCorp of Southern Nevada's, ("Richland") motion to dismiss amended complaint. (ECF No. 43). Plaintiffs, Shafique Ahmed and Mayra Munoz filed a response, (ECF No. 44), to which defendant replied. (ECF No. 45).

Also before the court is plaintiffs' motion to file surreply, (ECF No. 46), to which defendant responded. (ECF No. 47).

**I.    Background**

The instant case arises from plaintiffs' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692e, 1692e(2)(A), 1692(e)10, 1692f(1) ("FDCPA"). (ECF Nos. 1, 39).

Plaintiffs, Mr. Ahmed and Ms. Munoz, entered into separate contracts with RC Willey ("RCW") to purchase home furnishings on credit.[1] (*Id.*). Plaintiffs signed identical agreements both containing collection fee clauses when obtaining their loans. Plaintiffs allege that their respective contracts with RCW contain an unconscionable liquidated damages penalty, in the form

---

[1] Mr. Ahmed's consumer loan obligation totaled $2,820.78 and Ms. Munoz's $1,019.15.

**James C. Mahan**
**U.S. District Judge**

of a collection fee by AcctCorp, which is set at a specific flat rate of 50%, in addition to attorneys' fees and costs. (ECF Nos. 1, 6).

Plaintiffs each became delinquent on payments, and RCW assigned their debt to Richland for collection. (ECF No. 8). RCW and Richland's collection agreement states that Richland will pursue collection of RCW's debt in exchange in exchange for a collection fee of 50% of the outstanding debt, contractual interest, and attorney's fees.[2] (ECF No. 1).

When plaintiffs became delinquent on payments, defendant sued plaintiffs in state court. (ECF No. 39). Plaintiffs responded by filing FDCPA counterclaims arguing that the collection fee was an illegal misrepresentation of their debts, which the state court dismissed for lack of jurisdiction. (ECF No. 8).

On October 31, 2019, plaintiffs initiated their instant case. (ECF No. 1). On June 17, 2020, this court granted defendant's request to dismiss all claims. (ECF No. 25). Plaintiffs soon amended their complaint with leave from this court. (ECF Nos. 38, 39). Defendant now moves to dismiss these claims. (ECF No. 43).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

---

[2] Plaintiff alleges that, on or before December 28, 2018, the creditor, RCW, transferred Mr. Ahmed's consumer obligation, the debt, to defendant for collection. Plaintiff alleges that, on or before March 14, 2019, the creditor, RCW, transferred Ms. Munoz' consumer loan obligation to defendant for collection.

James C. Mahan
U.S. District Judge

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

As an initial matter, the court denies plaintiffs' motion to file surreply. (ECF No. 46). Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357 at *5 (D. Nev. Mar. 28, 2014). Per the local rules, "motions for leave to file a surreply are discouraged." *Dunlap v. Amato,* No. 2:19-cv-189-JCM-

James C. Mahan
U.S. District Judge

- 3 -

PAL, 2019 WL 2866837 (D. Nev. July 3, 2019). Here, plaintiffs do not assert any persuasive basis for a surreply. Thus, the motion is denied. (ECF No. 46).

This court now examines defendant's motion to dismiss the amended complaint. (ECF No. 43). The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). To establish a violation of the FDCPA, a plaintiff must demonstrate that: (1) plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a debt collector under the FDCPA, and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *See Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004). Here, plaintiffs establish the first two requirements. At issue is the third requirement.

Under 15 U.S.C. § 1692f(1) "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," such as the "collection of any amount unless such amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

Plaintiffs' first claim states that the "your" pronoun language in their contracts allow only RCW to recover collection fees and related costs, not Richland. (ECF No. 39). The contracts at issue state that, "I [the consumer] agree to pay all *your* [RC Willey's] costs of collection, including, but not limited to, a collection agency fee assessed by a collection agency" that plaintiffs are only subject to pay RC Willey's collection costs, not Richland's. (ECF No. 44). Thus, plaintiffs argue that there is express authorization to pay RCW but *not* defendant. This court disagrees.

The Nevada Supreme Court has "recognized that an assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment." *First Fin. Bank v. Lane*, 339 P.3d 1289, 1293 (Nev. 2014) (citation, internal quotation marks, and alteration omitted); *see In re AgriBioTech, Inc*., 319 B.R. 207, 213 (D. Nev. 2004) ("The general rule is that an assignee of a claim has standing to assert the

**James C. Mahan**
**U.S. District Judge**

- 4 -

injury in fact suffered by the assignor.") (citing *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773, (2000); *Misic v. Bldg. Serv. Employees Health and Welfare Trust*, 789 F.2d 1374, 1378–79 (9th Cir. 1986)). (ECF No. 43). Here, RCW assigned to Richland who retains the same legal rights as RCW. The usage of "your" within the contracts does not negate plaintiffs' express authorization to pay a collection agency fee. In fact, plaintiffs here "do not dispute that Richland is entitled to a collection agency fee." (ECF No. 46). Thus, plaintiffs fail to demonstrate that there is a lack of express authorization.

Next, plaintiffs argue that the 50% collection fee is an unconscionable means of collection, because it is not related to the actual costs that Richland sustained. *See* 15 U.S.C. § 1692f(1); (ECF No. 1). Plaintiffs claim that the collection fee is a misrepresentation of the amount of debt owed and is not authorized by the loan agreement, thus violating the FDCA. (ECF No. 44). However, this court has previously found that, "to succeed on their claim, plaintiffs must prove Richland's *means* of collection were unconscionable, not that the contract itself was." (ECF No. 25); *see also* 15 U.S.C. § 1692f(1); *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 11443, 1452 (D. Nev. 1994). The unconscionability of the contract alone does not give rise to a FDCPA violation. (ECF No. 25).

The amended complaint does not offer evidence of an unconscionable *means* of collection in violation of the FDCPA. Instead, plaintiffs state that "Richland never paid a third party debt collector a 50% agency fee, spent approximately 3 weeks trying to recover the Plaintiff's debts by sending a collection letter, and placing phone calls." (ECF No. 44). These assertions bolster defendant's argument that the collection fee "compensates AcctCorp for the time and expense in pursuing consumers like Plaintiffs, who try to shrink responsibility under a contract under which they take and enjoy home furnishings for which they refuse to pay." (ECF No. 43). Unconscionable means of collections, such as false or misleading letters, were not employed by Richland. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011); *see also Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222 (9th Cir. 1988). Simply put, the commonplace methods employed by Richland are not unconscionable.

1    Plaintiffs' second claim involves the same FDCPA section, 15 U.S.C §1692f(1). But this time, plaintiffs argue that defendant's 50% collection agency fee is a penalty disproportionate to the actual damages sustained by RCW, thus qualifying as an unconscionable means of collection. (ECF No. 44). To prevail on a penalty provision, "the challenging party must persuade the court that the liquidated damages are disproportionate to the actual damages sustained by the injured party." *Haromy vs. Sawyer*, 654 P.2d 1022, 1023 (Nev. 1982); (ECF No. 44). As defendant properly argues, "the collection fee cannot be a violation as a matter of law because section 1692f(1) only prohibits the collections of amounts not expressly authorized by the agreement creating the debt or permitted by law." (ECF No. 43).

As this court has already determined, plaintiffs expressly agreed to pay a collection fee assessed by a collection agency. (ECF No. 25). Plaintiffs rely on *Bradley v. Franklin Collection Service* 739 F.3d 606, 609 (11th Cir. 2014), which held that a collection fee violated 15 U.S.C. §1692f(1) because it was an unconscionable liquidated damage rather than the actual cost of collection. However, the instant case is distinguishable from *Bradley*, as this court has already recognized. (ECF No. 25).

Collection fees are accepted and standard practices in the industry. *See*, e.g., *Carter v. Richland Holdings*, Inc., No. 2:16-cv-02967-RFB-VCF, at *8 (D. Nev. Sept. 24, 2018). Due to the express authorization of the collection fee, there is no need to further analyze plaintiffs' claim of an unconscionable liquidated damage provision.

This court grants defendant's motion to dismiss in full. Plaintiffs were given the opportunity to amend their complaint to express how the means of collection were unconscionable. Yet, plaintiffs have failed to do so and it appears that any further attempts would be futile. Accordingly, this court dismisses plaintiffs' claims with prejudice. (ECF No. 43).

. . .

. . .

. . .

**Conclusion**

Accordingly,

**James C. Mahan**
**U.S. District Judge**

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 43) be, and the same hereby is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to file surreply (ECF No. 46) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED that plaintiffs' claims be, and the same hereby are, DISMISSED with prejudice.

The clerk is ordered to close the case accordingly.

DATED February 26, 2021.

_____
UNITED STATES DISTRICT JUDGE