UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAFIQUE AHMED and MAYRA MUNOZ,<br><br>Plaintiff(s),<br><br>v.<br><br>RICHLAND HOLDINGS, INC.,<br><br>Defendant(s). | Case No. 2:19-CV-1925 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada's ("Richland") motion for attorneys' fees from plaintiffs Shafique Ahmed ("Ahmed") and Mayra Munoz ("Munoz") (collectively "plaintiffs"), and their counsel ("plaintiffs' counsel"). (ECF No. 50). Plaintiffs' counsel filed a response (ECF No. 57), to which Richland replied (ECF No. 58).

Also before the court is plaintiffs' counsel's motion for leave to file a surreply (ECF No. 59), to which Richland filed a response (ECF No. 62). No replies have been filed, and the time to do so has passed.[1]

Also before the court is Munoz's motion to defer time to file a response to Richland's motion for fees. (ECF No. 53). Richland filed a response (ECF No. 54), to which Munoz replied (ECF No. 55).[2]

. . .

---

[1] The court GRANTS the motion for a surreply. Richland raised new issues in its reply brief that warranted a reply from plaintiffs' counsel.

[2] As Munoz settled, her motion is moot as to her need to respond. However, the court GRANTS Munoz's motion to the extent it gave plaintiffs' counsel additional time to respond to Richland's arguments regarding counsel's own liability.

**James C. Mahan**
**U.S. District Judge**

**I.      Background**

The instant matter arises from Richland's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692e, 1692e(2)(A), 1692(e)10, 1692f(1) ("FDCPA"). (ECF Nos. 1, 39).

Plaintiffs entered into separate contracts with RC Willey ("RCW") to purchase home furnishings on credit. (*Id.*). Plaintiffs signed identical agreements both containing collection fee clauses when obtaining their loans. Plaintiffs alleged that their respective contracts with RCW contain an unconscionable liquidated damages penalty, in the form of a collection fee by AcctCorp, which is set at a specific flat rate of 50%, in addition to attorneys' fees and costs. (ECF Nos. 1, 6).

Plaintiffs each became delinquent on payments, and RCW assigned their debt to Richland for collection. (ECF No. 8). RCW and Richland's collection agreement states that Richland will pursue collection of RCW's debt in exchange in exchange for a collection fee of 50% of the outstanding debt, contractual interest, and attorney's fees. (ECF No. 1).

Unable to collect payment from plaintiffs, Richland sued them in state court. (ECF No. 39). Plaintiffs responded by filing FDCPA counterclaims arguing that the collection fee was an illegal misrepresentation of their debts, which the state court dismissed for lack of jurisdiction. (ECF No. 8).

On October 31, 2019, plaintiffs initiated their instant case. (ECF No. 1). On June 17, 2020, this court granted Richland's request to dismiss all claims. (ECF No. 25). Plaintiffs soon amended their complaint with leave from this court. (ECF Nos. 38, 39). On Richland's motion, the court then dismissed all claims in the amended complaint. (ECF No. 48).

After judgment was entered, Richland moved for attorneys' fees (ECF No. 50) and Munoz appealed the dismissal (ECF No. 51). Munoz then moved to defer time to respond to Richland's motion (ECF No. 53), but ultimately settled all claims with Richland before responding (ECF No. 56).[3] Meanwhile, apparently experiencing difficulties with contacting Ahmed, plaintiffs' counsel

---

[3] Munoz also stipulating to dismiss her appeal. (ECF Nos. 56; 63).

**James C. Mahan**
**U.S. District Judge**

- 2 -

responded to Richland's motion (ECF No. 57), and after Richland replied, moved for a surreply (ECF No. 59).

The court now addresses Richland's motion for attorneys' fees.

**II.      Legal Standard**

Under the FDCPA, if the court finds that a plaintiff brought an action in bad faith and for the purpose of harassment, a prevailing defendant is entitled to "attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Such an award is mandatory under the FDCPA. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *see also De Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990).

Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

"Section 1927 authorizes federal courts to punish barratry by requiring offending lawyers personally to satisfy their opponents' litigation debts. It applies in any proceeding in federal court, operates solely upon attorneys, rather than their clients, and applies with equal force against winners and losers." *Schutts v. Bently Nev. Corp.*, 966 F. Supp. 1549, 1558 (D. Nev. 1997).

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates," power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotations and citations omitted).

**III.     Discussion**

As an initial matter, Munoz and Richland have settled "with each party to bear its own attorney's fees and costs." (ECF No. 56). Therefore, the court addresses Richland's motion to the extent it seeks fees from Ahmed and plaintiffs' counsel.

. . .

. . .

James C. Mahan
U.S. District Judge

- 3 -

a. <u>Richland is not entitled to fees under Ahmed's home furnishing contract</u>

Richland first argues that the underlying home furnishing contract entitles it to attorneys' fees for defending itself in this matter because it relates to Richland's debt collection efforts. (ECF No. 50 at 9). The court disagrees.

The contract provides that:

> In the event you[—Richland—]are required to instigate legal action or to take other means to collect amounts I[—Ahmed—]owe you. I agree to pay all your costs of collection, including. but not limited to. a collection agency fee assessed by a collection agency and/or reasonable attorney fees. with or without suit, together with all unpaid interest and court costs.

(ECF No. 6-2 at 4).

While Richland argues that this matter is "interrelated" with its debt collection efforts, the claims here are not the same as Richland's attempts to collect on the underlying debts. The parties already litigated that issue in the Nevada state courts, and Richland already secured an award of attorneys' fees. (*See* ECF No. 50 at 5).

Conversely, this matter concerns allegations that Richland violated the FDCPA. Defending itself in this matter did not require Richland to "instigate legal action . . . to collect amounts [plaintiffs] owe . . . ." Accordingly, the court declines to grant attorneys' fees Richland's defending itself in this matter based on Ahmed's home furnishing contract.

b. <u>Richland is not entitled to fees under 15 U.S.C. § 1692k(a)(3)</u>

Richland next argues that it is entitled to fees under 15 U.S.C. § 1692k(a)(3) because Ahmed brought this suit against it in bad faith and for the purpose of harassment. (ECF No. 50 at 10). Richland argues that Ahmed retaliated against it for properly suing him to collect on his delinquent debts by "filing baseless claims that have been rejected now by at least five judicial officers in multiple forums." (ECF No. 50 at 11). Richland distorts the procedural history it relies on.

When Richland first sued Ahmed in state court, he answered by asserting a counterclaim for violations of the FDCPA. (ECF No. 50 at 4). The state court then dismissed his counterclaim with what could be seen as an instruction to refile in this court. (*See* ECF No. 8-4 (dismissing the FDCPA claim "without prejudice for [Ahmed] to file an action in a court of proper jurisdiction")).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Ahmed then filed his claims in this court and opposed Richland's motion to dismiss those claims with support from persuasive authority that this court declined to follow.  (*See* ECF Nos. 6, 48).

While Ahmed's claims were ultimately unsuccessful, Richland fails to persuade this court that he brought those claims in bad faith and for the purpose of harassment.  Accordingly, the court declines to grant attorneys' fees under 15 U.S.C. § 1692k(a)(3).

c.  Richland is not entitled to fees under 28 U.S.C. § 1927

Richland next argues that it is entitled to attorneys' fees under 28 U.S.C. § 1927 because plaintiffs' counsel unreasonably and vexatiously multiplied proceedings.  (ECF No. 50 at 12). Plaintiffs' counsel argues that she did not vexatiously multiply these proceedings because "[t]he record shows that these simple proceedings consisted of a complaint and motion to dismiss, an amended complaint and motion to dismiss."  (ECF No. 57 at 15).  The court agrees with plaintiffs' counsel.

The docket shows no frivolous discovery motions, meritless demands for hearings, or anything of the sort that vexatiously multiplied these proceedings.  Though the court did not specifically grant leave to amend in its order dismissing the original complaint, plaintiffs ultimately obtained leave to amend.  (ECF No. 38).  Though plaintiffs' amended complaint was ultimately dismissed, counsel's arguments in opposition of dismissal were not so futile to be considered bad faith.  As far as counsel's filing the response to Richland's motion, counsel understandably defended herself from a motion seeking attorneys' fees that she would be independently liable for.  (*See* ECF No. 57).

Richland also fails to persuade the court that plaintiffs' counsel acted in bad faith. Accordingly, the court declines to grant attorneys' fees under 28 U.S.C. § 1927.

d.  Richland is not entitled to fees under the court's inherent power

Finally, as the court does not find bad faith on behalf of Ahmed or plaintiffs' counsel, it declines to impose attorneys' fees under its inherent power.  Accordingly, the court denies Richland's motion for attorney's fees.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Richland's motion for attorneys' fees (ECF No. 50) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' counsel's motion for leave to file a surreply (ECF No. 59) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Munoz's motion to defer time to respond (ECF No. 53) be, and the same hereby is, GRANTED.

DATED February 23, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**